UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

GRG Ventures, LLC d/b/a Game Room
Guys, a Michigan limited liability company,

    Plaintiff,

v.

DBEC, LLC, a Wisconsin limited liability
company,

    Defendant.

Case No. 18-755-cv

Hon. Janet T. Neff

---

Nicholas S. Laue (P79260)
Keller & Almassian, PLC
Attorneys for Plaintiff
230 E. Fulton Street
Grand Rapids, MI 49503
(616) 364-2100

---

### PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

#### I.    INTRODUCTION

This matter is one for trademark infringement, among other causes of action. In 2018, Plaintiff learned that Defendant, DBEC, LLC, was using it registered trademark and trade name without permission in connection with the sale and advertisement of Defendant's products on Amazon.com. Plaintiff attempted unsuccessfully to resolve the matter with Defendant short of litigation. When its attempts failed, Plaintiff filed the instant action. Currently, Defendant has been defaulted (DN #17). Plaintiff now seeks entry of a Default Judgment against Defendant.

1

## II.     FACTUAL BACKGROUND

Plaintiff is in the business of marketing, listing, distributing, repairing, and selling games and equipment. (Compl. ¶ 2). Plaintiff has used the name "Game Room Guys" as the "doing business as" name for its limited liability company, and has its logo (the "Mark") in interstate commerce, since at least late 2003. (Compl. ¶¶ 7 and 9). A copy of Plaintiff's registration of the mark is attached as **Exhibit 1**. (Compl. ¶ 10). Plaintiff owns a federal trademark registration for the Mark.

In the past year, Defendant has used the Mark in connection with the sale and distribution of its products and services on Amazon.com without Plaintiff's permission. (Compl. ¶ 16). Specifically, Defendant has listed, advertised and sold its products under Plaintiff's Mark and Plaintiff's listings on Amazon.com. (Compl. ¶ 19). Defendant uses the name "Soda Bar System" as its seller name on Amazon.com. (Compl. ¶ 3). As of the date of this Complaint, Defendant is still infringing upon Plaintiff's Mark with respect to the following products:

| ASIN | Product Name |
|---|---|
| B00ACNUDES | Game Room Guys Set of 2 Pure Beeswax – 1 oz. Blocks |
| B005ECU2M0 | Game Room Guys Plastic Web Pool Billiard Table Pockets – Set of 6 |
| B00P152NSQ | Game Room Guys K66 Billiard Pool Table Cushion Rubber - Set of 6-7ft |
| B0043BPMH8 | Game Room Guys Beeswax - 1 oz. Block |
| B000WQWC0S | Game Room Guys 4" Pool Table Rubber Pocket Liners - Set of 6 |
| B01B1TFMPG | Game Room Guys Plastic Web Pool Billiard Table Pocket |
| B004UBWFKI | Game Room Guys Set of 2 Plastic Bumper Pool Liners |
| B00YFFAMKE | Game Room Guys Pool Table Cushion Facing - Billiards |
| B00907TVXG | Game Room Guys One Set of Large Replacement Bumper Pool Rubber Rings |
| B00907UQIK | Game Room Guys 3" Pool Table Rubber Pocket Liner - Corner-Unpunched |
| B01EYSSJWE | Game Room Guys 9 Ball Pool Rack |

Plaintiff has never authorized Defendant's use of the Mark in connection with any of its products and services. (Compl. ¶ 21). Defendant continues to use the Mark after this lawsuit was filed and several cease and desist letters were sent to Defendant. (Compl. ¶ 22).

### III. PROCEDURAL BACKGROUND

On July 9, 2018, Plaintiff filed suit against Defendant. Despite its efforts to serve Defendant, Defendant continued to dodge service, which caused Plaintiff to file a Motion for Alternative Service of Process. This Court granted alternative service on August 15, 2018. (DN #9).

On August 27, 2018, Defendant contacted Plaintiff's counsel by telephone and recognized receipt of the Complaint. Defendant also requested an extension of time as to file a responsive pleading. Pursuant to this request, Plaintiff's counsel drafted a stipulation which was ultimately signed by the principal owner of Defendant, David Bates. The stipulation was filed with the court on September 7, 2018. (DN #11).

On September 11, 2018, this Court entered an order striking the stipulation and required Defendant to obtain counsel and file an answer by no later than October 2, 2018. (DN #12). When Defendant failed to obtain counsel and file an answer, Plaintiff moved for an entry of default. The Court Clerk entered the default against Defendant on October 10, 2018. (DN #17).

### IV. LAW AND ANALYSIS

#### a. Standard of Review

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). See *Bragg v. Corizon Corp.*, ___F. Supp. 3d___; 2013 U.S. Dist. LEXIS 99021, at *13 (W.D. Mich., June 11, 2013). "Once a

default is entered against a defendant, that party is deemed to have admitted all of the well plead allegations in the complaint, except for those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

At this time, Plaintiff seeks an entry of default judgment against Defendant. Plaintiff requests monetary damages, including attorney fees, and permanent injunctive relief. A proposed judgment is attached as **Exhibit 2.**

   b. Trademark Infringement

The Lanham Act provides liability for trademark infringement if a trademark registrant shows that (1) another person has used any reproduction, counterfeit, copy, or colorable imitation of the registrant's mark, (2) without the registrant's consent, (3) in commerce, (4) in the sale, offer, distribution, or advertisement of any goods or services, (5) where the use is likely to cause confusion or mistake or to deceive. See 15 U.S.C. § 1114(1)(a); see also *Chanel, Inc. v. Huang Cong*, ___F. Supp. 2d___; 2011 U.S. Dist. LEXIS 141177, at *17 (WD Tenn, Dec. 8, 2011). Liability often turns on "whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997) (citation omitted).

Plaintiff's undisputed allegations establish Defendant's liability for trademark infringement. Plaintiff is the owner of the Mark. (See Compl. ¶ 7). Through Amazon.com, Defendant has promoted, advertised, distributed, sold, and/or offered products under Plaintiff's listings and Mark. (See Compl. ¶¶ 16-21). In fact, Plaintiff's counsel, on behalf of Plaintiff, purchased at least one of Defendant's products. (See Compl. ¶ 16). Defendant has distributed,

4

sold, and/or offered products under Plaintiff's listings and Mark without Plaintiff's consent. (See Compl. ¶ 21). By defaulting, Defendant has admitted that its use of the Mark is likely to cause confusion, deception, and mistake among the general consuming public as to the origin and quality of the goods. (See Compl. ¶ 18). For these reasons, Plaintiff is entitled to judgment on its trademark infringement claim.

### c. Unfair Competition

Under the Lanham Act, liability for unfair competition or false designation of origin may arise in a number of ways. See 15 U.S.C. 1125(a). The Act provides liability where a person shows that, (1) in connection with any goods, services, or goods containers, (2) another person has used any word, term, name, symbol, or device (3) that is likely to cause confusion or mistake or to deceive "as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." See 15 U.S.C. 1125(a)(1)(A). "Under the Lanham Act, the same test is used for trademark infringement and unfair competition: likelihood of confusion." *Zinganything, LLC v. Tmart UK Ltd.*, ___F. Supp. 3d___; 2016 U.S. Dist. LEXIS 10827, at *15 (N.D. Ohio, Jan. 29, 2016), citing *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006).

Plaintiff's undisputed allegations establish Defendant's liability for unfair competition or false designation of origin. In advertising, distributing, selling, and/or offering its goods, Defendant has used marks that are exact copies of Plaintiff's Mark without Plaintiff's consent. (See Compl. ¶¶ 33-35). As a result of Defendant's actions, "Defendant intended to divert consumers from Plaintiff's services and products that could harm the goodwill represented by the [Mark], by creating a likelihood of confusion as to the source, sponsorship, affiliation, or

endorsement the Defendant's products." (Compl. ¶¶ 39). Accordingly, Plaintiff is entitled to judgment on its unfair competition claim.

### d. Damages

Section 1117 of the Lanham Act provides, "When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office . . . shall have been established in any civil action . . ., the plaintiff shall be entitled, . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. § 1117(a).

Due to the limited knowledge of Defendant's business operation, it is difficult to ascertain Defendant's profits. However, Plaintiff is capable of ascertaining the amount of damages it has suffered as a result of Defendant's listings. When Defendant has listed one of its infringing products, Defendant has undercut Plaintiff's price and obtained the "Buy Box." By obtaining the Buy Box, Defendant captured sales and Plaintiff did not. Defendant infringement started on or about April 14, 2018. Defendant remains on a total of 11 listings. As a result of Defendant undercutting Plaintiff's price and capturing sales, Plaintiff has lost sales in the amount of $18,100.38. (See **Exhibit 3**). The damages are related to the sales that Plaintiff was enjoying before Defendant started listings its infringing products and capturing sales.

Additionally, the "court in exceptional circumstances may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "A case should be considered 'exceptional' only when the infringement is 'malicious, fraudulent, willful, or deliberate.'" *Johnson v. Jones*, 149

F.3d 494, 503 (6th Cir., 1998) (citation omitted). "'[W]illful' or bad faith infringement, so as to justify an award of attorney's fees, 'usually means passing off a product or service as another seller's better established one, or some other deliberate theft of a marketholder's goodwill.'" *Id.* (citation omitted).

Defendant's intentional and deliberate actions justify the imposition of attorney fees in this case. Defendant has never been granted nor has Plaintiff ever consented to Defendant's use of the Mark in connection with Defendant's products and services. Defendant was made aware on multiple occasions of Plaintiff's trademark. First, Plaintiff filed trademark infringement forms with Amazon.com through its internal trademark infringement portal. Second, Plaintiff sent Defendant multiple cease and desist letters regarding Defendant's infringing activity. Third, Plaintiff filed the instant lawsuit. Despite all of these efforts by Plaintiff, Defendant continues, to this day, to list its products under Plaintiff's Mark on Amazon.com. Defendant's actions are willful or deliberate as it has knowledge of Plaintiff's Mark but yet continues its infringing activity. More importantly, Defendant is passing off its products and services under Plaintiff's Mark. Defendant actions are a deliberate theft of Plaintiff's goodwill. Because this is an exceptional case, Plaintiff prays for an award of attorney fees. The total amount of the attorney fees to date for this action is $7,367.00. See **Exhibit 4**.

### e. Injunctive relief

This Court may also award injunctive relief to prevent a violation of a trademark registrant's rights under the Lanham Act, 15 U.S.C. § 1116(a). "A plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable injury, there is no adequate remedy at law, "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted," and that it is in the public's interest to issue the injunction." *Audi AG v*

*D'Amato*, 469 F.3d 534, 550 (6th Cir., 2006) (citing *eBay Inc., et al. v. MercExchange, LLC*, 547 U.S. 388 (2006)). Courts have frequently granted permanent injunctions as part of a default judgment to enjoin infringement of registered trademarks in the situation where a defendant had already been defaulted, because the plaintiff had succeeded on the merits of its claims through default. See *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 151 (D.D.C., 2011) (granting a permanent injunction after a default was entered by the court); *Lifted Research Group, Inc v Behdad, Inc*, 591 F. Supp. 2d 3, 7 (D.D.C., 2008) (granting a permanent injunction after a default was entered by the court).

In *Audi AG*, the court entered a permanent injunction against the defendant because it had attempted to use Audi's goodwill to make a profit. *Audi AG*, 469 F.3d at 550. Specifically, the defendant had used Audi's website domain name on its own website. *Id.* The court found that (1) defendant's actions irreparably harmed Audi because consumers were misled into thinking they were purchasing Audi's products; (2) defendant's actions continued to pose a risk of future harm that provided no adequate remedy at law as long as Audi's domain name was allowed to remain on defendant's website; (3) the public interest would be served by ordering an injunction because it would prevent consumers from being misled; (4) defendant "face[d] no hardship in refraining from willful trademark infringement;" and (5) Audi faced hardship from loss of sales. *Id.*

The court's reasoning in *Audi AG* is illustrative in this matter. Defendant has used and continue to use Plaintiff's Mark in an attempt to capitalize on and profit from the Mark's goodwill and reputation. By Defendant listing its infringing products under Plaintiff's Amazon.com listings, Defendant misled consumers into thinking that Plaintiff has endorsed, certified, consent, authorized, or otherwise affiliated with them. Plaintiff is irreparably harmed by the use of its Mark in connection with the sale of Defendant's inferior and infringing

products. More importantly, Plaintiff is damaged when Defendant's infringing products and services do not meet Plaintiff's standards of quality. Additionally, there will continue to be a risk of harm so long as Defendant is not prevented from improperly using Plaintiff's name and Mark. An injunction that prevents such infringement will further the public interest in preventing the continued misleading of consumers, insulate Plaintiff from future damage to its goodwill, and not pose a hardship to Defendant. Accordingly, Plaintiff requests that this court enter a permanent injunction against Defendant in a form substantially similar to the proposed order attached as **Exhibit 2**.

### V. CONCLUSION

Defendant's infringement of Plaintiff's name and federally registered Mark has continued for too long. Such infringement must stop, and Defendant must be held accountable for their actions. Plaintiff respectfully requests that this Court award it monetary damages against Defendant in the total amount of $18,100.38; attorney fees in the amount of $7,367.00; enter a permanent injunction against Defendant to prevent their continued infringement of Plaintiff's Mark; and award such further relief as is consistent with equity and good conscience.

Respectfully Submitted,

Dated: October 30, 2018

KELLER & ALMASSIAN, PLC

/s/ Nicholas S. Laue
Nicholas S. Laue (P79260)
Keller & Almassian, PLC
Attorneys for Plaintiff
230 East Fulton Street
Grand Rapids, MI 49503
(616) 364-2100