UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

GRG Ventures, LLC d/b/a Game Room
Guys, a Michigan limited liability company,

      Plaintiff,

v.

DBEC, LLC, a Wisconsin limited liability
company,

      Defendant.

Case No. 18-755-cv

Hon. Janet T. Neff

| Nicholas S. Laue (P79260) | John Di Giacomo |
|---|---|
| Keller & Almassian, PLC | Eric Misterovich |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 230 E. Fulton Street | Revision Legal, PLLC |
| Grand Rapids, MI 49503 | 444 Cass St., Suite D |
| (616) 364-2100 | Traverse City, MI 49684 |
| | Phone: (231) 714-0100 |
| | Fax: (231) 714-0200 |

## RESPONSE TO PRE-MOTION CONFERENCE REQUEST

Plaintiff, GRG Ventures, LLC d/b/a Game Room Guys, by and through its Counsel, Keller & Almassian, PLC, and for its Response to Defendant's Pre-Motion Conference Request states as follows:

Defendant has requested a pre-motion conference to file a motion under Fed. R. Civ. P. 12(b)(6) ("Defendant's Motion"). First, the pre-motion conference request does not comply with Judge Neff's Information and Guidelines for Civil Practice (the "Guidelines"). The Guidelines specifically state that "[i]n cases in which the party requests a pre-motion conference to file a dispositive motion before filing its answer, **the party shall**, at the time of filing its Pre-Motion Conference Request, separately move for an extension of time to file its responsive pleading."

1

(Guideline IV(A)(1)(d)) (emphasis added). Defendant has not filed an answer and it has not requested an extension to file its responsive pleading. Defendant's motion should be denied on those grounds alone.

Second, Defendant's Motion under Fed. R. Civ. P. 12(b)(6) is too late. This Court entered a default on October 10, 2018. (DN # 17). A properly filed motion under Fed. R. Civ. P. 12(b)(6) tolls the time in which a responding party must file an answer until the Court rules on the motion. Fed. R. Civ. P. 12(a)(4)(A). However, the 12(b)(6) motion must be filed before the Court enters a default. After a default is entered, the non-responding party must file a motion to set aside the default. Fed. R. Civ. P. 55(c). Because a motion to set aside the default has not been filed and granted, Defendant cannot move under FRCP 12(b)(6) to dismiss Plaintiff's Complaint.

Third, even if the Court entertained Defendant's Motion, the pleadings taken as a whole sufficiently establish a claim for trademark infringement and unfair competition. "To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir., 2009), citing 15 U.S.C. § 1114(1). The Lanham Act prohibits use of a trademark that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval, of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125 (a)(1)(A). The general concept underlying the likelihood of confusion is that the public believe that "the mark's owner sponsored or otherwise approved the use of the trademark." *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F2d 831, 834 (6th Cir., 1983) (citation and quotations omitted). Indeed, the critical question is "whether relevant consumers are likely to believe that

the products or services offered by the parties are affiliated in some way." *Homeowners Group, Inc v Home Mktg Specialists*, 931 F2d 1100, 1107 (6th Cir., 1991).

In this case, Plaintiff has alleged that it owns a registered trademark, the Defendant used the mark in commerce in connection with sale and advertisement of its goods and services, and the use of Plaintiff's mark in connection with the sale and advertisement was likely to cause confusion. Plaintiff's Complaint states in relevant part:

> 7. Plaintiff is the owner of United States Trademark Registration No. 4,535,984, (See **Exhibit A)**, and the mark is shown below.
>
> 24. On information and belief, Defendant has – without the consent of Plaintiff – used in commerce reproductions, counterfeits, copies, and/or colorable imitations of the Game Room Guys mark in connection with the sale, offering for sale, distribution, or advertising of good on Amazon.com. Such acts are likely to cause confusion, or to cause mistake, or to deceive.
>
> 18. The use of the Game Room Guys mark for the marketing and sale of Defendant's products causes' actual customer confusion, as the customers believe that they are purchasing an authentic branded Game Room Guys product.
>
> 21. Defendant is using the Game Room Guys mark in an attempt to confuse the purchasing public into believing that Defendant offers official, authorized, Game Room Guys branded products.

Because this Court must accept the allegations in the Complaint as true for purposes of a 12(b)(6) motion, there is no question that Defendant's Motion will be unsuccessful. Accordingly, Plaintiff requests that Defendant's request to file a motion under Fed. R. Civ. P. 12(b)(6) be denied.

                                        Respectfully submitted

Dated: December 3, 2018                 /s/ Nicholas S. Laue
                                                                                   Nicholas S. Laue (P79260)
                                                                                  Keller & Almassian, PLC
                                                                                  Attorneys for Plaintiff
                                                                                  230 E. Fulton Street
                                                                                  Grand Rapids, MI 49503
                                                                                  (616) 364-2100