UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRG VENTURES, LLC,

    Plaintiff,

v.

DBEC, LLC,

    Defendant.

_____/

Case No. 1:18-cv-755

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment Against DBEC, LLC (ECF No. 21), to which Defendant filed a response (ECF No. 34). Plaintiff did not file a Reply to Defendant's Response. For the following reasons, Plaintiff's motion is properly denied.

**I**

Plaintiff and Defendant sell products on Amazon.com that are sourced through the same manufacturers. On July 9, 2018, Plaintiff filed this trademark infringement case against Defendant, alleging that Defendant was using Plaintiff's "Game Room Guys" mark for the marketing and sale of Defendant's products. Plaintiff alleges trademark infringement pursuant to 15 U.S.C. § 1114 (Count I), and false designation of origin pursuant to 15 U.S.C. § 1125(a) (Count II) (ECF No. 1).

On September 11, 2018, this Court entered an Order Striking the Stipulation for Extension for Time for Defendant to File Responsive Pleading (ECF No. 12). The stipulation was filed on

behalf of Defendant DBEC, LLC by David W. Bates, who does not appear to be an attorney. The Court explained that the stipulation was ineffective because "Mr. Bates cannot legally represent Defendant DBEC, LLC in federal court" (*id.,* citing *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.") (citing *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970)). This Court ordered Defendant to secure counsel to appear on its behalf and to file an answer or responsive pleading to the Complaint by October 2, 2018 (*id.*). Defendant failed to do so.

On October 8, 2018, Plaintiff applied for entry of default against Defendant (ECF No. 13), and default was entered as to Defendant on October 10, 2018 (ECF No. 17). On October 19, 2018, an Answer to the complaint (ECF No. 19) was filed on behalf of Defendant DBEC, LLC by David W. Bates. This Court struck the Answer, again pointing out that "[f]ilings on behalf of Defendant must be made through legal counsel, not David Bates individually" (Order, ECF No. 20).

On October 30, 2018, Plaintiff filed the motion at bar (ECF No. 21), seeking a default judgment in the form of monetary damages in lost sales in the amount of $18,100.38; attorney fees to date of $7,367.00; and a permanent injunction against Defendant to prevent continued infringement of its trademark (*id.* at PageID.100).

On November 26, 2018, counsel for Defendant filed an appearance. Further, on November 27, 2018, Defendant filed a Pre-Motion Conference Request (ECF No. 29), proposing to file a motion to dismiss under FED. R. CIV. P. 12(b)(6) for Plaintiff's failure to state a claim against it. However, as Plaintiff pointed out in its response in opposition (ECF No. 30 at PageID.153), a motion under Rule 12(b) "must be made before pleading," FED. R. CIV. P. 12(b), and here, a default against Defendant is in place. Consequently, the Court denied Defendant's Pre-Motion Conference Request and ordered Defendant to show cause, in writing, why this Court should not

Case 1:18-cv-00755-JTN-ESC ECF No. 35 filed 02/13/19 PageID.193 Page 3 of 5

proceed with deciding Plaintiff's Motion for Entry of Default Judgment Against DBEC, LLC (Order, ECF No. 33). Defendant has since filed a response to Plaintiff's Motion for Entry of Default Judgment Against DBEC, LLC (ECF No. 34), requesting that this Court set aside the default entered against it and allow it to proceed with litigating this case (*id.* at PageID.162). Plaintiff did not file a Reply to Defendant's Response.

**II**

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment against a defendant who has failed to plead or otherwise defend. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default is entered, a default judgment may be obtained under either Rule 55(b)(1) (entry by the clerk for sum certain) or Rule 55(b)(2) (entry by the Court in all other cases). FED. R. CIV. P. 55(b).

Subsection (c) provides that "[t]he court may set aside an entry of default for good cause …." FED. R. CIV. P. 55(c). In applying Rule 55(c), the Sixth Circuit Court of Appeals has noted it is important to distinguish between setting aside defaults and default judgments, with the former being granted more liberally. *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) ("*Real Property*"). A "district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *Id.* (citations and internal quotations omitted). Indeed, the Sixth Circuit has "indicated a 'strong preference for trials on the merits.'" *Id.* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)).

Three equitable factors are considered in determining whether "good cause" has been

3

shown to set aside entry of a default: "'(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (citation omitted); *see also O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (stating the test as whether: "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious"). "[A] district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant has a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *Id.*

Here, the factors support setting aside the default against Defendant. First, the Court is persuaded that Defendant's default was occasioned not by culpable or willful conduct but by its ill-placed attempts to proceed pro se. "'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (quoting *Shepard Claims*, 796 F.2d at 194).

Once counsel was obtained, Defendant attempted to begin the pre-motion conference process to advance its argument for dismissal under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendant, who asserts that it has "never used Plaintiff's trademark—not in advertisements, on its packaging," proposes to argue under Rule 12(b)(6) that Plaintiff has "failed to plead with even a modicum of specificity" (ECF No. 34 at PageID.171).[1]

---

[1] Defendant also asserts that Amazon.com investigated Plaintiff's allegations and found them to be false (ECF No. 34 at PageID.171, attaching correspondence as Ex. 2); however, such an assertion appears to concern a matter "outside the pleadings," i.e., not a proper basis for a decision under FED. R. CIV. P. 12(b)(6).

Last, while the delay in this case is unfortunate, setting aside the default will not unduly prejudice Plaintiff but will allow for the proper adjudication of Plaintiff's claims on the merits. "[D]elay alone is not a sufficient basis for establishing prejudice." *Dassault Systemes*, 663 F.3d at 842 (citation omitted).

In sum, the Court holds that the default is properly set aside and Plaintiff's motion for entry of default judgment is therefore denied as moot. Accordingly:

**IT IS HEREBY ORDERED** that the Default against Defendant is SET ASIDE and Plaintiff's Motion for Entry of Default Judgment Against DBEC, LLC (ECF No. 21) is DENIED as moot.

**IT IS FURTHER ORDERED** that, <u>not later than February 27, 2019</u>, Defendant shall either file an Answer to Plaintiff's Complaint (ECF No. 1) or renew its Pre-Motion Conference Request, including a proposed briefing schedule for the Court's review.


Dated: February 13, 2019                                         /s/ Janet T. Neff
                                                                 JANET T. NEFF
                                                                 United States District Judge