UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

GRG Ventures, LLC d/b/a Game Room
Guys, a Michigan limited liability company,

      Plaintiff,

v.

DBEC, LLC, a Wisconsin limited liability
company,

      Defendant.

Case No. 18-755-cv

Hon. Janet T. Neff

---

# JOINT RULE 16 REPORT

A Rule 16 Scheduling Conference is scheduled for April 30, 2019 at 11:00 a.m. before Hon. Janet T. Neff, 401 Federal Building, Grand Rapids, MI 49503. Appearing for the parties as counsel will be: Nicholas S. Laue for Plaintiff, GRG Ventures, LLC d/b/a Game Room Guys, and Amanda M. Osorio for Defendant, DBEC, LLC.

1. **Jurisdiction:** The basis for the Court's jurisdiction is 15 U.S.C. § 1121(a) (trademark and unfair competition causes of action), and 28 U.S.C. § 1331 (federal question jurisdiction). This civil action arises pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* Jurisdiction is not contested.

2. **Jury or Non−Jury:** This case is to be tried before a jury.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**:

    **Plaintiff's Statement:** Plaintiff, GRG Ventures, LLC d/b/a Game Room Guys, is the owner of the GAME ROOM GUYS mark. Defendant, DBEC, LLC, is using and has repeatedly used the GAME ROOM GUYS mark in connection with the promotion, advertisement, and sale of its goods and services on Amazon.com. As a result of Defendant's actions, Plaintiff has asserted trademark infringement (Count I), and unfair competition (Count II) against Defendant. Plaintiff has suffered and continues to suffer irreparable harm and other damages from Defendant's wrongful conduct.

**Defendant's Statement:** Defendant DBEC, LLC has not used the GAME ROOM GUYS mark in any way. DBEC, LLC sells products on Amazon.com but does not sell any products under Plaintiff's trademark or utilize the GAME ROOM GUYS trademark in any way.

5. **Prospects of Settlement:** The parties have discussed settlement through their respective counsel, and the prospects of settlement are difficult to predict at this time. The parties need some preliminary paper discovery before discussing the possibility of settlement. The remedies in this case include a permanent injunction, award of damages plus attorney fees and costs. Plaintiff estimates that its total monetary damages are approximately $18,000 plus costs and attorney fees. Defendant does not anticipate any damages or remedies will be awarded to Plaintiff in this case. Due to the amount at issue in this case, Defendant believes that an early Magistrate-led settlement conference would be valuable.

6. **Pendent State Claims:** This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by May 28, 2019.

8. **Disclosures and Exchanges:**

   (a) FED. R. CIV. P. 26(a)(1) disclosures shall be made by May 21, 2019.

   (b) The Plaintiff expects to be able to furnish its expert witness(es) by June 25, 2019. Defendant does not, at this time, expect to call upon any expert witnesses.

   (c) It would not be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2).

   (d) The parties do not agree on voluntary production.

9. **Discovery:** The parties believe that all discovery proceedings can be completed by November 1, 2019. The parties recommend the following discovery plan: that discovery proceed on all issues simultaneously; and that presumptive limitation on discovery be applicable.

10. **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties believe that documents produced in response to discovery requests, including all electronically stored files, should initially be produced in paper form or as TIFF or PDF images along with load files and that any issues of additional electronic discovery, including, but not limited to, production of specific documents in their native electronic format, should be addressed by the parties if or when the need arises.

11. **Assertion of Claims of Privilege or Work−Product Immunity After Production:** The parties have agreed that assertions of claims of privilege or work product immunity may be asserted after production. In the event privileged or work-product materials have been

inadvertently produced, the producing party will notify the receiving party of its claim of privilege or work-product and the producing party will destroy or return the identified materials.

12. **Motions:** The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party: Motion for Preliminary Injunction and/or Motion for Summary Judgment.

The parties anticipate that all pre-motion conference requests will be filed by December 1, 2019.

13. **Alternative Dispute Resolution:** In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties agree that some sort of Alternative Dispute Resolution will be valuable in this case. Plaintiff recommends that this case be submitted to voluntary facilitative mediation in 90 days. Defendant believes that an early settlement conference with the Magistrate Judge would be valuable. Both parties agree that some preliminary paper discovery is necessary before participating in any type of Alternative Dispute Resolution process.

14. **Length of Trial:** Counsel estimates the trial will last approximately 4 days total, allocated as follows: 2 days for plaintiff's case, 2 days for defendant's case.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other:** The parties do not believe there any special circumstances at this time.

3

Respectfully submitted

Dated: April 23, 2019                    /s/ Nicholas S. Laue
                                         **Nicholas S. Laue (P79260)**
                                         Keller & Almassian, PLC
                                         Attorneys for Plaintiff
                                         230 E. Fulton Street
                                         Grand Rapids, MI 49503
                                         (616) 364-2100


Dated: April 23, 2019                    /s/ Amanda M. Osorio
                                         **Amanda M. Osorio (P79006)**
                                         Revision Legal, PLLC
                                         Attorneys for Defendant
                                         444 Cass St., Suite D
                                         Traverse City, MI 49684
                                         (231) 714-0100