UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRG VENTURES, LLC,

    Plaintiff,    Case No. 1:18-cv-755H

v.    HON. JANET T. NEFF

DBEC, LLC,

    Defendant.

_____/

### DEFENDANT'S PRE-MOTION CONFERENCE REQUEST
### RE: MOTION TO SET ASIDE DEFAULT

Defendant, DBEC, LLC, through its attorneys Cramer, Minock & Sweeney, PLC, requests a pre-motion conference related to Defendant's proposed Motion to Set Aside Default.

**Basis for Request for Pre-Trial Conference**

The sixth circuit has found a motion to set aside default and default judgment to be a dispositive issue. *See Victoria's Secret Stores v. Artco Equip. Co., Inc.,* 194 F.Supp.2d 704, 714–15 (S.D.Ohio 2002).

**Facts/Procedural History**

On December 23, 2019, this Court entered an order granting Defendant's former counsels' motion to withdraw (ECF No. 64). Among other things, the Court's December 23, 2019 Order stated:

> Defendant DBEC, LLC shall, not later than January 22, 2020, secure counsel to appear on its behalf. If an appearance is not filed on behalf of Defendant DBEC, LLC by the above deadline, the Court will permit Plaintiff to move for an entry of default and for default judgment against Defendant DBEC, LLC.

DKT No. 64, p. 2.

Plaintiff filed its motion for entry of default on January 28, 2020 and on January 29, 2020 this Court entered default against Defendant (ECF Nos. 67 and 68). Defendant retained new counsel, Cramer, Minock & Sweeney, PLC, on February 5, 2020. Defendant seeks an order setting aside the January 29, 2020 Entry of Default.

### Substantive Grounds of Motion to Set Aside Default

The criteria to be considered in applying the Rule 55(c) standard of good cause

> Rule 55(c), Fed.R.Civ.P., provides in relevant part: "For good cause shown the court may set aside an entry of default. Though the decision lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious,

*United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983)(internal citations omitted).

"[A] district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant has a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003).

In the present case, the delay caused by Defendant amounts to a total of fourteen (14) days and setting aside the default would not result in prejudice, let alone undue prejudice, to Plaintiff.

> In ruling on motion to set aside default under Rule 55(c), strong policy in favor of deciding cases on their merits outweighs any inconvenience to the court or plaintiff resulting from a relatively short delay...

See *Shepard v. Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190 (6th Cir. 1986) and *Dassault Systemes, SA v. Childress*, 663 F.3d. 832, 842 (6th Cir. 2011).

Moreover, Defendant has pled a meritorious defense; to wit, Defendant has never made a trademark use of "Game Room Guys" so as to meet the prerequisites of a trademark

infringement or unfair competition cause of action. Under no interpretation of the facts could Plaintiff prevail on its claims. ECF No 34, p. 171. *See also* ECF No. 35, p. 4.

Defendant's default was not by culpable or willful conduct, Defendant was tasked with finding a new attorney in a foreign state. Defendant's task was further complicated by the extended Christmas and New Year holidays as well as handling family matters in connection with the death of his brother-in-law. Ultimately, Defendant sought a referral from an attorney in Illinois, relied upon the referral, and retained Cramer, Minock & Sweeney, PLC.

For the reasons set forth above, Defendant is requesting a pre-motion conference in connection with its proposed motion to set aside default and a scheduling order for briefing on Defendant's motion to set aside the default.

                                                        Respectfully Submitted,

                                                        CRAMER, MINOCK & SWEENEY, PLC

                                                        /s/ Ryan Sweeney
                                                        Ryan Sweeney (P70459)
                                                        Attorney for Defendant
                                                        339 East Liberty Street, Suite 200
                                                        Ann Arbor, MI 48104
                                                        (734) 668-2200 telephone
                                                        (734) 668-0416 facsimile
                                                        rsweeney@cramerminock.com

Dated: February 5, 2020.

**CERTIFICATE OF SERVICE**

  I, hereby certify that on February 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties through their counsel of record.

                /s/ Ryan Sweeney
                Ryan Sweeney (P70459)
                Cramer, Minock & Sweeney, P.L.C.
                339 East Liberty, Suite 200
                Ann Arbor, MI 48104
                (734) 668-2200 telephone
                (734) 668-0416 facsimile
                rsweeney@cramerminock.com

Dated: February 5, 2020